IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyler Sebastian Haway, ) | C/A No. 0:14-534-TMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Ralph Evans; Rick Clark; Mary Hammond; ) | |
| Drew Sisco; Katherine Vissage; Pickens ) | |
| County Law Enforcement Center, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Tyler Sebastian Haway, a self-represented pretrial detainee, filed this civil rights action raising a claim pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to medical needs in violation of the Fourteenth Amendment and state law claims of negligence and intentional infliction of emotional distress. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Haway's motion to voluntarily dismiss his case without prejudice. (ECF No. 66.) Defendant Mary Hammond filed a response in which she consented to Haway's motion. (ECF No. 67.)

The court has reviewed Haway's motion and although it explicitly states he would like to dismiss the claim against Hammond without prejudice, he also states that he is "not in the right state of mind to go any further with this matter," referencing a incident in which he was stabbed in the face. (ECF No. 66.) The court has construed this motion as seeking to voluntarily dismiss the entire

case without prejudice.[1]  Further supporting this construction is the fact that Haway has not responded to either of the pending motions for summary judgment.

Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Generally, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant.  See Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986); Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997).  Therefore, having carefully considered the parties' submissions and the applicable law, the court finds that Haway's motion (ECF No. 66) should be granted and the entire case should be dismissed without prejudice.  In light of this recommendation, the remaining motions (ECF Nos. 50 & 57) should be terminated.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 9, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] If Haway disagrees with the court's interpretation of his motion, he may indicate his disagreement within the time for filing objections to the court's Report and Recommendation.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).